# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-16-934-M |
| ) | |
| $50,900 IN UNITED STATES ) | |
| CURRENCY OF IBC BANK CASHIER'S ) | |
| CHECK #162263996 IN THE AMOUNT ) | |
| OF $250,910 IN UNITED STATES ) | |
| CURRENCY, SEIZED ON MAY 27, 2015, ) | |
| FROM INSURED AIRCRAFT TITLE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are claimant Benjamin Polat's ("Polat") Motion to Dismiss Verified Complaint for Forfeiture *In Rem*, filed April 5, 2016, and claimant Luis G. Saldana Grillo's ("Grillo") Motion to Dismiss Verified Complaint for Forfeiture *In Rem*, filed April 19, 2016. On June 3, 2016, the government filed its response, and on July 8, 2016, Polat and Grillo (hereafter "Claimants") filed their reply. Also before the Court is Claimants' Renewed Motion to Dismiss Verified Complaint for Forfeiture *In Rem*, filed October 5, 2016. On October 26, 2016, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

This is an *in rem* civil forfeiture action. This action was originally filed in the United States District Court for the District of Massachusetts. On August 11, 2016, the District Court of Massachusetts transferred this action to this Court. Claimants move this Court to dismiss the government's Verified Complaint for Forfeiture *In Rem* on the following bases: (1) the notice of the

administrative forfeiture process was untimely, and (2) the verified complaint fails to state a claim as it fails to satisfy the probable cause requirement.

I. Notice

The Civil Asset Forfeiture Act of 2000 provides, in pertinent part:

> (1)(A)(i) Except as provided in clauses (ii) through (v), in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute, with respect to which the Government is required to send written notice to interested parties, such notice shall be sent in a manner to achieve proper notice as soon as practicable, and in no case more than 60 days after the date of the seizure.
> \* \* \*
> (B) A supervisory official in the headquarters office of the seizing agency may extend the period for sending notice under subparagraph (A) for a period not to exceed 30 days (which period may not be further extended except by a court), if the official determines that the conditions in subparagraph (D) are present.
> \* \* \*
> (D) The period for sending notice under this paragraph may be extended only if there is reason to believe that notice may have an adverse result, including –
>     (i) endangering the life or physical safety of an individual;
>     (ii) flight from prosecution;
>     (iii) destruction of or tampering with evidence;
>     (iv) intimidation of potential witnesses; or
>     (v) otherwise seriously jeopardizing an investigation or unduly delaying a trial.
> \* \* \*
> (F) If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(A)(i), (B),(D),(F).

It is undisputed that the government did not provide notice to Claimants within sixty (60) days after the date of the seizure. The Claimants, therefore, contend that the Verified Complaint for Forfeiture *In Rem* should be dismissed. In its response, the government asserts that pursuant to 18 U.S.C. § 983(a)(1)(B), Vicki L. Rashid, Forfeiture Counsel of the Drug Enforcement Administration, granted a thirty-day extension of time to provide notice of the seizure to interested parties. *See* Declaration of Vicki L. Rashid at ¶ 4(b), attached as Attachment 1 to United States' Response to Claimants' Renewed Motion to Dismiss Verified Complaint for Forfeiture *In Rem*. Based upon this extension of time, the government contends the verified complaint should not be dismissed because notice was provided timely. Having carefully reviewed the parties' submissions, the Court finds that for purposes of these motions to dismiss, the government has sufficiently shown that the Verified Complaint for Forfeiture *In Rem* should not be dismissed based upon an untimely notice.[1]

## II.   Failure to State a Claim

Rule G(2)(f) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions provides: "The complaint must: . . . (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." Fed. R. Civ. P. Supp. Rule G(2)(f). Claimants assert that the verified complaint does not state sufficiently detailed facts to support a reasonable belief that defendant currency was derived from, or is the proceeds of illicit activity. Having carefully reviewed the Verified Complaint for Forfeiture *In Rem* and the Affidavit of Agent John M. Grella, that is incorporated by reference in the verified

---

[1] The Court would note that this finding by the Court does not preclude Claimants, after discovery is conducted in this case, from re-urging, i.e., through a motion for summary judgment, that notice was untimely.

complaint, the Court finds that the verified complaint states sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, the Court finds that the affidavit of Agent Grella states sufficiently detailed facts to support a reasonable belief that defendant currency was derived from drug trafficking and/or that the aircraft was being purchased for the purpose of drug trafficking and/or that defendant currency was involved in money laundering transactions. Accordingly, the Court finds that the Verified Complaint for Forfeiture *In Rem* should not be dismissed for failure to state a claim.

III.  Conclusion

For the reasons set forth above, the Court DENIES Polat's Motion to Dismiss Verified Complaint for Forfeiture *In Rem* [docket no. 15], Grillo's Motion to Dismiss Verified Complaint for Forfeiture *In Rem* [docket no. 17], and Claimants' Renewed Motion to Dismiss Verified Complaint for Forfeiture *In Rem* [docket no. 35].

**IT IS SO ORDERED this 14th day of December, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE