# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-16-934-M |
| ) | |
| $50,900.00 IN UNITED STATES ) | |
| CURRENCY OF IBC BANK CASHIER'S ) | |
| CHECK #162263996 IN THE AMOUNT ) | |
| OF $250,910 IN UNITED STATES ) | |
| CURRENCY, SEIZED ON MAY 27, 2015, ) | |
| FROM INSURED AIRCRAFT TITLE ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court is Claimants Benjamin Polat and Luis Saldana Grillo's ("Claimants") Application for Extension of Time to File Answer to Verified Complaint Out of Time or Alternatively to Deem the Answer as Timely Filed, filed February 14, 2017. On February 16, 2017, plaintiff filed its response. Based upon the parties' submissions, the Court makes its determination.

On December 11, 2015, plaintiff filed its verified complaint for forfeiture in rem against $50,900.00 in the United States District Court for the District of Massachusetts. On March 11, 2016, Benjamin Polat filed a verified claim to $42,000.00 of the $50,900.00. On April 5, 2016, Claimant Polat filed a motion to dismiss. On April 19, 2016, Luis Grillo filed a verified claim to $8,900.00 of the $50,900.00. Along with his verified claim, Claimant Grillo filed a motion to dismiss. On August 11, 2016, the United States District Court for the District of Massachusetts transferred this case to this Court. On October 5, 2016, Claimants filed a renewed motion to dismiss. On December 14, 2016, this Court entered an order denying Claimants' renewed motion

to dismiss. Claimants' answer was due by or before December 28, 2016. Claimants filed their answer on January 23, 2017.

Claimants now move this Court, pursuant to Federal Rule of Civil Procedure 6(b) and Local Civil Rule 7.1(h), for leave to extend the time to file their answer and/or to deem the answer filed on January 23, 2017, as timely filed.

> Under Rule 6(b)(1), a district court may extend a deadline for "good cause." If the request is made before the original deadline, the court need only find good cause for the extension. But if the extension request is made after the original deadline, as it was here, the court must also determine whether the party failed to act because of excusable neglect. In other words, an extension can only be granted for good cause regardless of when the extension was requested. But if the extension request was filed after the original deadline, the court must also determine whether the failure to timely meet the deadline was due to excusable neglect.

*Utah Republican Party v. Herbert*, No. 16-4058, 2017 WL 460987 at *2 (10th Cir. 2017). Further, Rule 6(b)(1) "should be liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). However, "an enlargement of the time period is by no means a matter of right." *Eller v. Trans Union, LLC*, 739 F.3d 467, 478 n.10 (10th Cir. 2013) (internal quotations omitted).

> "[G]ood cause" requires a greater showing than "excusable neglect." The two standards, although "interrelated," are not identical. Excusable neglect requires some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified. We have said that [w]ithout attempting a rigid or all-encompassing definition of "good cause," it would appear to require *at least as much* as would be required to show excusable neglect. Good cause comes into play in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant. It requires the moving party to show the deadline cannot be met despite the movant's diligent efforts.

2

*Utah Republican Party*, 2017 WL 460987 at *3 (internal quotations and citations omitted) (emphasis in original).

Having carefully reviewed the parties' submissions, the Court finds that Claimants have not shown good cause for their requested extension. Claimants assert that their counsel did not receive notice of the Court's December 14, 2016 Order until January 23, 2017.[1] Claimants, however, provide no further reason or explanation as to why counsel did not receive notice. Through counsel's various filings with this Court and her responses to motions filed by plaintiff, counsel has repeatedly demonstrated her ability to timely receive notice of court filings. Further, regardless of whether counsel receives electronic notice, "[i]t is the litigant's affirmative duty to monitor the court's docket." *Brown v. Zarek*, 162 F.3d 1172, *1 (10th Cir. 1998). Additionally, Claimants do not assert that their failure to timely file an answer was outside their control nor do they claim that the deadline could not be met despite diligent efforts.

Accordingly, the Court DENIES Claimants' Application for Extension of Time to File Answer to Verified Complaint Out of Time or Alternatively to Deem the Answer as Timely Filed [docket no. 50].

**IT IS SO ORDERED this 16th day of June, 2017.**

*/s/ Vicki Miles-LaGrange*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff filed a Motion to Strike the Verified Claims filed by Benjamin Polat and Luis Grillo on January 23, 2017. The Court presumes Claimants' counsel became aware of the Court's December 14, 2016 Order when she accessed Pacer to retrieve the copy of plaintiff's motion.